**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | CIVIL ACTION NO. 6:13-CV-256 |
| v. | §<br>§ | |
| ACTIVISION BLIZZARD, INC., | §<br>§<br>§ | |
| Defendant. | § | |

## DEFENDANT ACTIVISION BLIZZARD, INC'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Activision Blizzard, Inc. (hereinafter "Activision") answers Plaintiff Uniloc USA, Inc. and Plaintiff Uniloc Luxembourg S.A.'s (collectively, "Uniloc") Complaint, Dkt. No. 1 as follows:

### THE PARTIES

1.      Activision is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2.      Activision is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 2 of the Complaint and therefore denies the same.

3.      Activision is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4.      Activision admits that it is a Delaware corporation with corporate headquarters located in Santa Monica, California and that it may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware,

1

19808. Activision denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Activision admits that this action has been characterized by Uniloc as arising under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-285. Activision admits that this Court has subject matter jurisdiction over meritorious causes of action arising under the Patent Act pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. Activision denies, however, that Uniloc has set forth any meritorious cause of action and further denies that it has committed any acts of patent infringement. Activision denies the remaining allegations in Paragraph 5.

6.      Activision admits that venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b). Activision, however, denies that this District is a convenient forum for the present dispute. Activision denies the remaining allegations in Paragraph 6.

7.      For the purposes of this action only, Activision admits that it is subject to this Court's personal jurisdiction. Activision denies the remaining allegations in Paragraph 7.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 5,490,216)

8.      Activision repeats and incorporates by reference each of its responses to Paragraphs 1 through 7 above.

9.      Activision admits that U.S. Patent No. 5,470,216 (the '216 patent), on its face, indicates a title of "SYSTEM FOR SOFTWARE REGISTRATION." Activision admits that an uncertified copy of the '216 patent is attached to the Complaint as Exhibit A. Activision lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and therefore denies the same.

10.     Activision lacks knowledge or information sufficient to form a belief about the

2

truth of the allegations in Paragraph 10 and therefore denies the same.

11.     Denied.

12.     Activision admits that certain games, including World of Warcraft, World of Warcraft: The Burning Crusade, World of Warcraft: Wrath of the Lich King, World of Warcraft: Cataclysm, Diablo II, Diablo II: Lord of Destruction, StarCraft, StarCraft: Brood War, StarCraft II: Wings of Liberty, Warcraft III: Reign of Chaos, and WarCraft III: The Frozen Throne are operable to some extent in conjunction with Battle.net.  Activision admits that certain other games utilize or have utilized certain aspects of third party products SecuROM and/or Steam. Activision denies the remaining allegations in Paragraph 12.

13.     Paragraph 13 does not appear to contain an allegation that requires a response; however, to the extent one is deemed to be required, Activision denies all such allegations in Paragraph 13.

14.     Denied.

15.     Activision is without knowledge or information sufficient to form a belief regarding the allegations in Paragraph 15 of the Complaint and therefore denies the same.

## JURY DEMAND

Uniloc's purported request for a trial by jury does not require a response.

## PRAYER FOR RELIEF

Paragraphs (a) though (e) each contain a request for relief to which no response is required.  To the extent a response is required, Activision denies that Uniloc is entitled any relief from Activision in connection with its Complaint, including, without limitation, the relief specified in paragraphs (a) through (e) of the Prayer for Relief.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Non-infringement of the '216 Patent)

3

Activision has not infringed and does not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the '216 patent. Activision has not contributed to infringement by others or induced others to infringe any valid and enforceable claim of the '216 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '216 Patent)

On information and belief, one or more claims of the '216 patent are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C. §§ 1, *et seq*., including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Equitable Defenses)

Uniloc's claims for alleged infringement of the '216 patent are barred, in whole or in part, by the doctrines of laches, prosecution history estoppel and/or prosecution disclaimer.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

Uniloc's damages, if any, are limited pursuant to 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

Uniloc's damages, if any, are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE
### (Express License, Implied License, Exhaustion)

Uniloc's claims are barred, in whole or in part, because Activision has an express and/or implied license under the '216 patent and/or due to patent exhaustion.

## OTHER AFFIRMATIVE DEFENSES

Activision may assert additional affirmative defenses as they become known through

4

further investigation and discovery.

WHEREFORE, Activision respectfully requests that judgment be entered in favor of Activision and against Uniloc; that Uniloc's Complaint be dismissed with prejudice; and that Activision be awarded such other legal and equitable relief as the Court may deem proper and just.

Dated: May 16, 2013.                                 Respectfully submitted,


By: /s/ Melissa R. Smith
      Melissa R. Smith
      Texas Bar No. 24001351
      GILLAM & SMITH, LLP
      303 South Washington Avenue
      Marshall, TX 75670
      Telephone: 903.934.8450
      Facsimile: 903.934.9257
      Melissa@gillamsmithlaw.com


      Albert F. Harris III
      SHOOK, HARDY & BACON L.L.P.
      2555 Grand Blvd.
      Kansas City, Missouri 64108-2613
      Telephone: 816.474.6550
      Facsimile: 816.421.5547
      afharris@shb.com

      **ATTORNEYS FOR DEFENDANT
      ACTIVISION BLIZZARD, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 16th day of May, 2013 per Local Rule CV-5(a)(3).

      /s/ Melissa R. Smith
      Melissa R. Smith