**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 6:13-cv-00256 (Consolidated Lead Case) |
| | § | |
| v. | § § | |
| ACTIVISION BLIZZARD, INC., | § § | |
| Defendant. | § § | |

**COUNTER-DEFENDANT UNILOC CORPORATION PTY. LIMITED'S REPLY TO
THE COUNTERCLAIMS OF DEFENDANT SYMANTEC CORPORATION**

Counter-defendant Uniloc Corporation Pty. Limited ("Uniloc Australia") files this Reply to the Counterclaims of Defendant Symantec Corporation ("Defendant" or "Symantec")[1] as follows.  This Reply is not on behalf of Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively "Plaintiffs"), and in no way should it be construed as responding on behalf of either of those entities.   All allegations not expressly admitted or responded to by Plaintiffs are denied.

**THE PARTIES**

1.      Uniloc Australia admits the allegations set forth in Paragraph 1 upon information and belief.

2.      Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 2, and therefore denies those allegations.

3.      Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 3, and therefore denies those allegations.

---

[1] See Dkt. No. 25 in Case No. 6:13-cv-263.

4.      With respect to the allegations set forth in Paragraph 4, Uniloc Australia admits it is a Proprietary Limited Company existing under the laws of Australia.  Except as stated, the allegations in Paragraph 4 are denied.

5.      The allegations set forth in Paragraph 5 are legal conclusions to which no response is required; however, to the extent that Paragraph 5 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.

6.      The allegations set forth in Paragraph 6 are statements to which no response is required; however, to the extent that Paragraph 6 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  Uniloc Australia again reiterates that the responses in this Reply are NOT on behalf of Plaintiffs.

## JURISDICTION AND VENUE

7.      Uniloc Australia denies the allegations set forth in Paragraph 7.

8.      Uniloc Australia denies the allegations set forth in Paragraph 8.

## GENERAL ALLEGATIONS

9.      With respect to the allegations set forth in Paragraph 9, Uniloc Australia admits it entered into a Patent License Agreement with XtreamLok on September 10, 2002.  With respect to the document attached as Exhibit A to Symantec's counterclaims, the document speaks for itself and no response is required; however, to the extent that Exhibit A contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  Except as stated, the allegations set forth in Paragraph 9 are denied.

10.     Uniloc Australia denies the allegations set forth in Paragraph 10.

11.     Uniloc Australia denies the allegations set forth in the first sentence of Paragraph 11.  Uniloc Australia denies the allegations set forth in the second sentence of Paragraph 11.

With respect to the document attached as Exhibit B to Symantec's counterclaims, the document speaks for itself; however, to the extent that Exhibit B contains any factual allegations to which Uniloc must respond, such allegations are denied. Uniloc admits the allegations set forth in the fourth sentence of Paragraph 11. With respect to the allegations set forth in the fifth sentence of Paragraph 11, Uniloc Australia admits Mr. Richardson signed the 2002 Patent License Agreement with entered into a Patent License Agreement with XtreamLok, on behalf of Uniloc Australia. Except as stated, the allegations set forth in Paragraph 11 are denied.

12.     With respect to the allegations set forth in the first sentence of Paragraph 12, Uniloc Australia admits that it filed an action in the Central District of California against Symantec and XtreamLok, alleging infringement of the '216 patent, unfair competition, and breach of the 2002 Patent License Agreement. The remaining allegations set forth in the first sentence of Paragraph 12 are legal conclusions to which no response is required; however, to the extent that the first sentence of Paragraph 12 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied. With respect to the document attached as Exhibit C to Symantec's counterclaims, the document speaks for itself; however, to the extent that Exhibit C contains any factual allegations to which Uniloc Australia must respond, such allegations are denied. Uniloc Australia denies the allegations set forth in the third sentence Paragraph 12. Uniloc Australia is without knowledge to admit or deny the allegations set forth in the fourth sentence of Paragraph 12, and therefore denies those allegations. Uniloc Australia admits the allegations set forth in the fifth sentence of Paragraph 12. Uniloc Australia is without knowledge to admit or deny the allegations set forth in the sixth sentence of Paragraph 12, and therefore denies those allegations. Except as stated, the allegations set forth in Paragraph 12 are denied.

13.     With respect to the allegations set forth in the first sentence of Paragraph 13, Uniloc Australia admits that the parties to the Central District of California action agreed to arbitrate the breach of contract claim and to stay the remaining claims pending resolution of that arbitration.  Except as stated, the allegations set forth in the first sentence of Paragraph 13 are denied.  Uniloc Australia admits the allegations set forth in the second sentence of Paragraph 13. With respect to the document attached as Exhibit D to Symantec's counterclaims, the document speaks for itself; however, to the extent that Exhibit D contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.   Uniloc Australia admits the allegations set forth in the fourth sentence of Paragraph 13.   With respect to the document attached as Exhibit E to Symantec's counterclaims, the document speaks for itself; however, to the extent that Exhibit E contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  Except as stated, the allegations set forth in Paragraph 13 are denied.

14.     With respect to the allegations set forth in the first sentence of Paragraph 14, Uniloc Australia admits that the arbitration addressed whether the 2002 Patent License Agreement had been breached.  Except as stated, the allegations set forth in the first sentence of Paragraph 14 are denied.  The allegations set forth in the second sentence of Paragraph 14 are legal conclusions to which no response is required; however, to the extent that the second sentence of Paragraph 14 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  The allegations set forth in the third sentence of Paragraph 14 are legal conclusions to which no response is required; however, to the extent that the third sentence of Paragraph 14 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  With respect to the allegations set forth in the fourth

sentence Paragraph 14, Uniloc USA admits that it sought damages for Symantec's breach of contract.  Except as stated, the allegations set forth in Paragraph 14 are denied.

15.     With respect to the allegations set forth in the first sentence of Paragraph 15, Uniloc Australia admits the arbitration proceeding lasted until late 2009.  Uniloc Australia is without knowledge to admit or deny the remaining allegations set forth in the first sentence of Paragraph 15, and therefore denies those allegations.  Uniloc Australia admits the allegations set forth in the second sentence of Paragraph 15.  Uniloc Australia admits the allegations set forth in the third sentence of Paragraph 15.  With respect to the allegations set forth in the fourth sentence of Paragraph 15, Uniloc Australia admits the arbitrator found that the contract had been breached and terminated, and ordered payment to the Uniloc entities in that arbitration, with interest, in the amount of $51,198 Australian dollars.  Except as stated, the allegations set forth in Paragraph 15 are denied.

16.     Uniloc Australia denies the allegations set forth in the first sentence of Paragraph 16.  The allegations set forth in the second sentence of Paragraph 16 are legal conclusions to which no response is required; however, to the extent that the second sentence of Paragraph 16 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  The allegations set forth in the third sentence of Paragraph 16 are legal conclusions to which no response is required; however, to the extent that the third sentence of Paragraph 16 contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  Uniloc Australia is without knowledge to admit or deny the allegations set forth in the fourth sentence of Paragraph 16, and therefore denies those allegations.  Except as stated, the allegations set forth in Paragraph 16 are denied.

17.     Uniloc Australia denies the allegations set forth in Paragraph 17.

18.     Uniloc Australia admits the allegations set forth in the first sentence of Paragraph 18.  Uniloc Australia admits the allegations set forth in the second sentence of Paragraph 18.  Except as stated, the allegations set forth in Paragraph 18 are denied.

19.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 19, and therefore denies those allegations.

20.     With respect to the allegations set forth in Paragraph 20, Uniloc Australia admits it filed a lawsuit against Sureloc and others, seeking declaratory relief that Uniloc USA, and not Sureloc, was the exclusive licensee of the '216 patent.  Except as stated, the allegations set forth in Paragraph 20 are denied.

21.     With respect to the allegations set forth in Paragraph 21, Uniloc Australia admits a California court preliminary ruling included the statement that "Sureloc is still the exclusive licensee of the '216 Patent . . . [T]he 1998 and the 2000 Licenses have not been terminated."  With respect to the document attached as Exhibit F to Symantec's counterclaims, the document speaks for itself; however, to the extent that Exhibit F contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.  Except as stated, the allegations set forth in Paragraph 21 are denied.

22.     With respect to the allegations set forth in Paragraph 22, Uniloc Australia admits that it entered into an agreement with Sureloc in September 2012.  Except as stated, the allegations set forth in Paragraph 22 are denied.

23.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 23, and therefore denies those allegations.

24.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 24, and therefore denies those allegations.

## COUNTERCLAIM ONE
## (DECLARATION OF NON-INFRINGEMENT)

25.     Uniloc Australia incorporates by reference Paragraphs 1 through 24 of this Reply as if fully set forth herein.

26.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 26, and therefore denies those allegations.

27.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 27, and therefore denies those allegations.

28.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 28, and therefore denies those allegations.

29.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 29, and therefore denies those allegations.

30.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 30, and therefore denies those allegations.

## COUNTERCLAIM TWO
## (DECLARATION OF INVALIDITY)

31.     Uniloc Australia incorporates by reference Paragraphs 1 through 30 of this Reply as if fully set forth herein.

32.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 32, and therefore denies those allegations.

33.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 33, and therefore denies those allegations.

34.     Uniloc Australia is without knowledge to admit or deny the allegations set forth in Paragraph 34, and therefore denies those allegations.

**COUNTERCLAIM THREE**
**(MONEY PAID TO DEFENDANTS)**

35.     Uniloc Australia incorporates by reference Paragraphs 1 through 34 of this Reply as if fully set forth herein.

36.     Uniloc Australia denies the allegations set forth in Paragraph 36.

37.     Uniloc Australia denies the allegations set forth in Paragraph 37.

**COUNTERCLAIM FOUR**
**(FRAUD AND DECEIT)**

38.     Uniloc Australia incorporates by reference Paragraphs 1 through 37 of this Reply as if fully set forth herein.

39.     Uniloc Australia denies the allegations set forth in Paragraph 39.  To the extent Symantec is referencing Exhibit A to Symantec's counterclaims, the document speaks for itself and no response is required; however, to the extent that Exhibit A contains any factual allegations to which Uniloc Australia must respond, such allegations are denied.

40.     Uniloc Australia denies the allegations set forth in Paragraph 40.

41.     Uniloc Australia denies the allegations set forth in Paragraph 41.

42.     Uniloc Australia denies the allegations set forth in Paragraph 42.

**DEFENDANT'S PRAYER FOR RELIEF**

Although no answer is required to Defendant's Prayer for Relief, Uniloc Australia denies all allegations in Paragraphs A through K in Defendant's Prayer and further denies that any relief should be granted to Defendant.

**DEFENDANT'S DEMAND FOR JURY TRIAL**

Uniloc Australia admits that Defendant demands a trial by jury of any and all issues in this action so triable and likewise requests a trial by jury on all issues.

## UNILOC AUSTRALIA'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

Symantec's counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)

Symantec's counterclaims are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE (LACHES)

Symantec's counterclaims are barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE (FAILURE TO PLEAD FRAUD WITH PARTICULARITY)

Symantec's counterclaims are barred, in whole or in part, by failing to plead fraud with particularity.

### FIFTH AFFIRMATIVE DEFENSE (ESTOPPEL)

Symantec's counterclaims are barred, in whole or in part, by estoppel.

## UNILOC AUSTRALIA'S PRAYER

Uniloc Australia respectfully requests a judgment against Defendant as follows:

1.   Enter a judgment in favor of Uniloc Australia on all counts of the counterclaims;

2.   Dismiss Defendant's counterclaims with prejudice and find that Defendant take nothing;

3.   Deny all relief requested in Defendant's counterclaims and prayer for relief;

4.   Award Uniloc Australia its attorney's fees, expenses, and costs incurred in defending Defendant's counterclaims; and

5.   Award Uniloc Australia any and all other relief to which the Court may deem that Uniloc Australia is entitled.

**Dated:   July 11, 2013**                                Respectfully submitted,

/s/ Steven W. Hartsell
Edward E. Casto, Jr.
Lead Attorney
Texas State Bar No. 24044178
Barry J. Bumgardner
Texas State Bar No. 00793424
Steven W. Hartsell
Texas State Bar No. 24040199
Jaime K. Olin
Texas State Bar No. 24070363
R. Casey O'Neill
Texas State Bar No. 24079077
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485
ecasto@nbclaw.net
barry@nbclaw.net
shartsell@nbclaw.net
jolin@nbclaw.net
coneill@nbclaw.net

James L. Etheridge
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com

**ATTORNEYS FOR UNILOC CORPORATION
PTY. LIMITED**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of July 2013, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

<u>/s/ Steven W. Hartsell</u>