IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> ACTIVISION BLIZZARD, ET AL., <br><br> Defendants. | § § § § § § § § § § § § § § Case No. 6:13-cv-256 |

## ORDER

Before the Court is Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.'s (collectively, "Uniloc") Motion for Leave to Amend Infringement Contentions (Docket No. 205). Uniloc and Defendant Symantec Corporation ("Symantec") have also jointly filed a Motion for Hearing on the Motion for Leave to Amend (Docket No. 259). After considering the briefing, the Court is able to resolve the underlying Motion without a hearing. Accordingly, the Motion for Hearing is **DENIED**. Further, for the reasons stated below, the Motion for Leave to Amend is also **DENIED**.

## BACKGROUND

This case stems from a series of cases filed by Uniloc against several Defendants in 2010. The original cases were eventually dismissed to resolve a potential standing issue and Uniloc refiled this case in March 2013. Generally, the accused technology relates to product activation technology schemes (i.e., systems and methods for reducing software piracy and unauthorized copying by requiring activation or registration). Uniloc served its infringement contentions pursuant to P.R. 3-1 in June 2013. Those original contentions chart an accused technology

referred to only as "Symantec's Product Activation Technology Scheme." Docket No. 205, Exh. A, Plaintiff's Disclosures Pursuant to P.R. 3-1 and 3-2. Symantec asserts that the product charted in those contentions is its XtreamLok activation scheme. Docket No. 232 at 1. In its proposed amended contentions, Uniloc includes source code level references for the XtreamLok activation scheme and includes a chart for the SLIC activation scheme.

## APPLICABLE LAW

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *1 (E.D. Tex. May 25, 2012); *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007). Patent Rule 3-1 requires a party asserting infringement to serve infringement contentions on each defending party. A plaintiff must "set forth specific theories of infringement at the outset of the case." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006). These "contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, [but] they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009).

Patent Rule 3-6 sets forth the procedures for amending infringement contentions. This rule provides that infringement contentions "shall be deemed to be . . . final contentions." Patent Rule 3-6(a). When a party seeks to amend or supplement its invalidity contentions, leave to amend is required and may be granted upon a showing of good cause. Patent Rule 3-6(b). The

Court has broad discretion to allow amendments to infringement contentions and considers four factors when ruling on motions for leave to do so: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the matter that would be excluded; (3) the potential prejudice in allowing amendment; and (4) the availability of a continuance to cure such prejudice. *Global Sessions LP*, 2012 WL 1903903, at *2 (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003)).

## ANALYSIS

Uniloc asserts that it has been diligent in reviewing Symantec's source code and in moving to amend its infringement contentions. Docket No. 205 at 7. According to Uniloc, any delays in its efforts to review source code are attributable to Symantec's piecemeal and protracted code production. *Id.* Uniloc also argues that its proposed amendments are important to this source code intensive case. *Id.* at 7. Its proposed amendments, Uniloc claims, add "critical detail and specificity to its infringement theory." *Id.* Further, Uniloc contends that Symantec will suffer no unfair prejudice due to these proposed amendments. *Id.* at 8. Uniloc argues that its original contentions broadly accused all of Symantec's product activation schemes. *Id.* at 9. Thus, Symantec should not be surprised that SLIC is now specifically charted and accused. *Id.* Finally, Uniloc contends that because the SLIC product activation solution works similarly to XtreamLok, and because several months remain before trial, no continuance is necessary. *Id.* Uniloc argues that, based on the four-factor test, it has demonstrated good cause to amend its infringement contentions. *Id.*

Symantec responds that Uniloc has not and cannot satisfy the good cause standard here. Docket No. 232 at 8. Primarily, Symantec contends that Uniloc has not been diligent. *Id.* at 8. Symantec argues that Uniloc reviewed much of Symantec's source code in the previous litigation in 2011 and that in its amended contentions, Uniloc cites only to documents it had access to in

November 2013 or earlier. *Id.* at 9, 11 & n.3. Nonetheless, Symantec asserts, Uniloc waited five months to disclose its amended contentions and infringement theory to Symantec and it waited an additional sixteen days before filing its motion to amend. *Id.* at 9. Symantec also argues that Uniloc's proposed amendments are not important because Uniloc's infringement theory lacks substantive merit. *Id.* at 11. Symantec explains that Uniloc previously admitted that XtreamLok does not infringe, making these amendments futile. *Id.* Further, Symantec contends, allowing amendment at this point would severely prejudice Symantec. *Id.* at 12. Symantec explains that a *Markman* hearing has already been held and that Symantec has relied on the original contentions as its framework for discovery and case strategy. *Id.* at 13. Symantec contends that SLIC is an entirely different activation product, used in different product families, and implicating different Symantec departments and personnel. *Id.* Finally, Symantec argues that a continuance is not available here, as the Court recently denied Uniloc's request for a continuance, and that, regardless, a continuance would not cure the prejudice because claim construction has already occurred and because by the time this Motion was fully briefed fact discovery would be closed. *Id.* at 14–15.

In this case, Uniloc has failed to show good cause to allow it to amend its infringement contentions as to Symantec. As Symantec shows, Uniloc cited no Symantec documents or source code in its amended contentions that it did not have in its possession by November 2013. Docket No. 232 at 11 n.3. Uniloc never denies this allegation nor explains why it is not relevant. Based on this, Uniloc had everything it needed to serve amended contentions by at least the end of November 2013 but waited until late March 2014 to provide them to Symantec. This four month delay indicates a lack of diligence on Uniloc's part to fully inform Symantec of its infringement theories. *O2 Micro Int'l Ltd. v. Monolithic Power Sys, Inc.*, 467 F.3d 1355, 1367

4

(Fed. Cir. 2006) (finding a delay of three months between when plaintiff possessed necessary evidence and served amended infringement contentions showed lack of diligence). Further, Uniloc admits it had access to the bulk of the source code in question here for at least "several months" in 2011. Docket No. 248 at 3. Local Patent Rule 3-1 makes clear that infringement contentions "shall be as specific as possible." Based on the previous access to the source code, Uniloc's initial infringement contentions should likely have been more thorough and detailed.

In addition to Uniloc's lack of diligence in amending its contentions, allowing the amendments at this point in the litigation risks unfair prejudice to Symantec. This case has progressed for well over a year and trial is now less than six months away. Fact discovery has already closed and expert reports are due this month. Uniloc now seeks to assert an infringement theory against a product that was not properly included in its original contentions. Symantec's SLIC product activation system is used in different classes of products, managed by a different internal department, and developed and maintained by different Symantec employees than the XtreamLok product referred to in Uniloc's initial contentions. Docket No. 232 at 13; *see also* Docket No. 242 at 3 (denying Uniloc discovery on McAfee products not reasonably similar to those in its original infringement contentions). To require Symantec to begin defending accusations against a substantially different product this late in the litigation would be unfairly prejudicial. Further, a continuance of trial in this case to remedy this potential prejudice would also be unfair. This case originally began in 2010 and was refiled only due to Uniloc's potential standing issue. To continue the trial date past December 2014 would further tax the resources of the Court and be unfair to all parties.

Although Uniloc's proposed amendments may be important to its case, that alone is not sufficient to overcome its lack of diligence and the potential prejudice to Symantec. Uniloc has

failed to show good cause to amend its infringement contentions. Accordingly, the Motion for Leave to Amend is **DENIED**.

## CONCLUSION

For the foregoing reasons, Uniloc's Motion for Leave to Amend Infringement Contentions (Docket No. 205) is **DENIED**. Further, because no hearing was needed to resolve the underlying matter, the parties' Motion for Hearing on the Motion for Leave to Amend (Docket No. 259) is also **DENIED**.

**So ORDERED and SIGNED this 17th day of June, 2014.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**