**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs <br><br> vs. <br><br> ACTIVISION BLIZZARD, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 6:13-CV-00256 <br> (Consolidated Lead Case) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
ACTIVISION BLIZZARD, INC.'S NOTICE OF
SUPPLEMENTAL EVIDENCE FOR CLAIM CONSTRUCTION**

Defendant Activision Blizzard, Inc. ("Blizzard") hereby opposes the Motion to Strike filed by Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively "Uniloc"). As expressly stated in Blizzard's September 9, 2014 Notice, the purpose of that Notice was "to inform the Court of Plaintiffs' new expert testimony relating to the claim construction of 'mode switching means,' which may impact the Court's final claim construction ruling" in this case. Dkt. No. 401 at 1. Blizzard's Notice was prompted by the gross misapplication of the construction of the term "mode switching means" by Uniloc's infringement expert in deposition. That misapplication warrants the Court's consideration of Uniloc's statements during the second reexamination regarding the "mode switching means" claim term – which statements are at odds with the positions taken by Uniloc's infringement expert in deposition and presumably at trial. As explained below, Uniloc's Motion unjustifiedly attempts to prevent the Court from even considering very relevant information prior to issuing a final claim construction ruling and as it manages this case through trial. It also wrongly states that Blizzard's Notice is an attempt to delay the case and change the Court's claim construction when it is not.

### I. UNILOC'S EXPERT IS FUNDAMENTALLY MISAPPLYING THE CONSTRUCTION OF "MODE SWICHING MEANS"

As explained in Blizzard's Reply in Support of its Motion for Summary Judgment of Noninfringement, Uniloc's infringement theory against Blizzard has been a moving target. Dkt. No. 452 at 2-3. In April 2014, Uniloc supplemented its infringement contentions with a new statement of its infringement theory against Blizzard. *Id*. at Ex. M. With respect to the "mode switching means," Uniloc's April 2014 infringement contentions acknowledged that a "switch" was required. Dkt. No. 401 at ¶ 9. However, when Uniloc's expert, Dr. DiEuliis, issued his infringement report in June 2014, he omitted any clear reference to a switch in the "mode switching means" limitation of claim 19. *See* Dkt. No. 452 at 2-3. On August 21, 2014, during Dr. DiEuliis' deposition, it became clear why -- Uniloc was advancing yet another infringement theory based on a misapplication of the construction for "mode switching means." That new theory is inconsistent with the stipulated claim construction and ***directly*** contradicts Uniloc's statements about "mode switching means" during the second reexamination. Dkt. No. 73..[1] By stretching the patent via the misapplication of the claim construction in its infringement analysis, Uniloc essentially asks this Court to disregard the arguments Uniloc made to distinguish the "mode switching means" of claim 19 over the Cargile prior art during reexamination[2] and to disregard the Rhode Island Court's claim construction analysis for "mode switching means."

---

[1] Without citing to any authority, Uniloc incorrectly states that Blizzard and Uniloc "stipulated to the construction of 'mode switching means' ***without reservation*** in July 2013." Motion at 2. In fact, the stipulation was subject to certain qualifications, including any reexamination disclaimers. Notice at 2, fn 1. Additionally, the stipulation was expressly made without waiving any party's right to appeal any claim construction issue in the action. Dkt. No. 73.

[2] Uniloc's arguments to the Patent Office distinguishing Cargile were made in November 2012, not September 2012 as indicated in Uniloc's Motion. But the specific timing is not relevant. Uniloc's arguments to the Patent Office had already been made prior to the July 2013 stipulation and were thus part of the claim construction record for this case.

## II. UNILOC'S MOTION SHOULD BE DENIED

Uniloc's Motion lacks merit because it mischaracterizes Blizzard's Notice and the claim construction stipulation, and it wrongly suggests that Blizzard's Notice would impact the case schedule.

The Court has *not* issued a final claim construction order.  The Court's provisional claim construction order in 2011 stated that a memorandum order would follow.  *Activision I*, Case No. 6:10-cv-00373, Dkt. No. 215 at 2.  In July 2013, the parties entered into a stipulation, subject to Court approval, reflecting that the Court would later issue a memorandum order on claim construction. Dkt. No. 73.  The Court has not yet issued such an order.[3]

The Notice informs the Court of the fundamental conflict between Uniloc's recently revealed infringement theory and the construction of "mode switching means" with the supporting prosecution history statements made by Uniloc.  The purpose of the Notice was to alert the Court so that this could be taken into account before it issues its claim construction memorandum or, if it makes more sense to the Court, in connection with other trial related submissions such as limine motions, evidentiary objections or curative jury instructions.  Uniloc wrongly asserts that the Court's consideration of Blizzard's Notice requires that claim construction must be "re-opened" such that the case schedule will be impacted.  Blizzard did not ask the Court to re-open claim construction, and Blizzard never characterized "mode switching means" as a "disputed" claim term.  Rather, Blizzard merely asks the Court to take Dr. DiEuliis' deposition testimony and Uniloc's reexamination statements regarding "mode switching means" into consideration when it issues the final claim construction order in this case.  There will be no impact on any case deadlines, and there is no need for supplementation of any expert reports as

---

[3] As of June 2014, Uniloc was asserting at least 7 claims of the '216 patent against the Defendants.  However, claim 19 is now the only asserted claim against the two remaining Defendants in this case.  So the Court's final claim construction order need only address the disputed and previously construed claim terms found in asserted claim 19.

suggested by Uniloc. Consequently, Uniloc's legal arguments regarding "good cause" are misplaced.

### III. UNILOC SHOULD NOT BENEFIT FROM IT'S TACTICS REGARDING THE CLAIM TERM "MODE SWITCHING MEANS"

Despite having changed its infringement theory several times, Uniloc and its expert, Dr. DiEuliis, were not candid that Uniloc's infringement theory against Blizzard would rely on an application of the construction for "mode switching means" that cannot be reconciled with the claim construction record in this case, including the prior claim construction order from the Rhode Island Court. Instead of standing behind its prior positions, Uniloc accuses Blizzard of lack of diligence because it did not anticipate in 2013 that Uniloc would take an improper claim construction position in 2014. Blizzard is timely presenting relevant evidence for the Court to consider that will help ensure that Uniloc is not able to apply the claims one way to get through the Patent Office and the opposite way to prove infringement in Court. Whether such evidence is applied in claim construction, in evidentiary rulings, on JMOL or in jury instructions, what is important is that the Court consider relevant evidence so that Uniloc cannot state one thing to obtains claims and something inconsistent to try to prove infringement.

### IV. CONCLUSION

For the above reasons, and those presented in its Notice, Blizzard respectfully asks this Court to deny Uniloc's Motion to Strike.

DATED: October 24, 2014    Respectfully submitted,

By: */s/ Patrick Lujin*_____
Melissa R. Smith
Harry L. Gillam, Jr.
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

Patrick A. Lujin
Brittany A. Boswell
Basil Trent Webb
Sara D. Sunderland
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
plujin@shb.com
bboswell@shb.com
bwebb@shb.com
ssunderland@shb.com

Tanya L. Chaney
SHOOK, HARDY & BACON L.L.P.
JPMorgan Chase Tower
600 Travis St., Suite 3400
Houston, Texas 77002-2926
Telephone: 713-227-8008
Facsimile: 713-227-9508
tchaney@shb.com

Edward R. Reines
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: 650-802-3022
Facsimile: 650-802-3100
Edward.reines@weil.com

Attorneys for Defendant
**ACTIVISION BLIZZARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 24, 2014.

/s/ *Melissa Smith*